Edward J. Banzhaf and Virginia C. Banzhaf v. Commissioner.
Banzhaf v. Commissioner
Docket No. 37500.
United States Tax Court
1953 Tax Ct. Memo LEXIS 124; 12 T.C.M. (CCH) 998; T.C.M. (RIA) 53294; August 31, 1953
*124 Carl H. Ebert, Esq., Lawyers Building, 4th and York Streets, Newport, Ky., for the petitioners. Lyman G. Friedman, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: Respondent determined deficiencies in income tax against petitioners for the years 1947 and 1948 in the respective amounts of $204 and $241.68. The question presented is whether petitioners are entitled to credits for dependents claimed during each of the taxable years. Findings of Fact Petitioners are husband and wife, and reside in Fort Thomas, Kentucky. They filed joint income tax returns for the years involved with the collector of internal revenue for Kentucky. Prior to the marriage of petitioners, petitioner Edward J. Banzhaf, hereinafter referred to as petitioner, and Catherine E. Banzhaf had been husband and wife, their marriage having occurred on July 30, 1930, at Madison, Indiana. There were born to that marriage two sons, who in 1947 were 9 and 13 years of age. In 1938 petitioner purchased a building lot in Cincinnati, Ohio, where he and his family were then living. Later, a five-room, brick house was constructed on the lot at a cost of $6,000, *125 of which a mortgage in the amount of $5,000 was paid by petitioner through a building and loan association. Petitioner had borrowed money from his father to make a down payment to the contractor. Catherine had no income at that time. Title to the property was taken in the name of Catherine E. Banzhaf. In 1946 petitioner and Catherine separated. The boys did not want their parents divorced. Petitioner, however, insisted on it and instituted divorce proceedings. In January 1947 a decree for divorce was granted Catherine on her cross-petition by the Court of Common Pleas, Hamilton County, Ohio, Division of Domestic Relations. Custody of the children, payments to be made by petitioner for their support and rights in and to furniture and household effects and to the home were settled in the decree, as follows: "It is further ordered, adjudged and decreed by the Court that the Defendant be and she is hereby awarded the care, custody and control of the minor children herein and it is further ordered that the Plaintiff pay through the Court of Domestic Relations, until further orders of this Court the sum of Twenty Dollars ($20.00) per week for the support and maintenance of said minor *126 children and the Plaintiff is to be permitted to have and see the said minor children at all reasonable times. "It is further ordered, adjudged and decreed by the Court that the Defendant be and she is hereby awarded all of the furniture and household effects acquired during the marriage. "It is further ordered, adjudged and decreed by the Court that the Plaintiff be and he is hereby barred from having or claiming to have any interest, by way of dower or otherwise in the real estate in the name of the Defendant, known, numbered and designated as No. 6115 Graceland Avenue, Golf Manor, Cincinnati, Ohio." Petitioner paid Catherine $20 each week, or a total of $1,040 in 1947, and the same amount in 1948. Petitioner estimated that he also expended over $100 each year on clothes, presents and miscellaneous items for the boys. Catherine started to work in 1946 for a concern that made paper drapes. She was paid by the hour, and started at the rate of 56 cents an hour. During 1947 and 1948, she received some raises. Her weekly pay in 1948 ranged from a poor week of $40, to a good week of $70. She earned more in 1948 than she did in 1947. She worked extra time on Saturdays and during *127 her vacations. The only time she missed a day's work was when she was compelled to stay home because of the illness of one of the boys. She estimated that she expended approximately $2,264.52 for the boys' support in 1947, and $2,348.52 in 1948, which amounts included the payments made by petitioner. Petitioner did not know what amount Catherine contributed to the boys' support. In preparing her income tax returns, Catherine was assisted by an employee in the collector's office in Cincinnati. On her returns she took credit for the boys as dependents, claiming to have furnished over half the actual cost of their support. Upon advice of one of the collector's employees, she divided her estimate of various expenditures, such as taxes, food and utilities, into three parts, two thirds being charged to the boys. Petitioners, on their joint returns for 1947 and 1948, claimed credits for the two boys as dependents, which claims respondent disallowed. Opinion Where a father and mother both contribute to the support of a dependent, the one who contributes "over half of [the dependent's] support" is entitled to the dependency credit. Section 25 (b) (3) of the Internal Revenue Code *128 . Petitioner and his former wife, Catherine, have each claimed to have contributed more than half of the cost of their sons' support. There is no question that petitioner in each of the taxable years contributed the sum of $1,040, or $520 each year for the support of each son. His problem is to bring himself within the provisions of the statute by proving that his contributions constituted more than half the actual cost of the support of his children. He has attempted to meet his burden by showing the expenditures made by him and by trying to show that the mother of the boys did not contribute a greater amount. He has taken the position that the court, in granting the divorce decree, took into consideration the amount petitioner should pay for the support of the children and decreed and adjudged that the weekly payments of $20 were sufficient for their maintenance and support. He also claims that in releasing all interest in the home place, so that the mother and boys could continue to use it as their home, he has furnished the equivalent of a monthly rental of $75 toward the support of his sons. Petitioner did not know how much support his former wife furnished the boys, and *129 in an attempt to find out, had her subpoenaed as a witness at the trial, realizing that she might not be helpful to him, because she too had an interest involved. as her testimony was of a general nature, for the most part consisting of estimates of income received and of expenditures made, and vague on some items, petitioner claims that she has not proven that she contributed more than half of the cost of the boys' support, and that, therefore, he has. We do not have the question of Catherine's right to the dependency credits. Our concern is directed only to petitioner's right to claim the credits, and we look to the record for his proof. Petitioner does not question Catherine's testimony as to her employment or that she had income of her own, or that she spent some of her earnings on the boys' education, clothing, medical care, attending camp and other similar items. He simply thinks that her earnings were not sufficient to justify or permit contributions by her to the support of the boys in excess of the contributions made by him, and he asks us to so conclude. That we are unable to do. He has not shown what Catherine's earnings actually were in the taxable years, nor that her *130 expenditures in support of the boys were less than his. And while he is in the difficult position of proving a negative fact, the testimony and other evidence of record is, to say the least, as persuasive that Catherine's contributions were greater than petitioner's, as that petitioner's contributions were greater than Catherine's. As though to tip the scales to his benefit in case they are evenly balanced as to the expenditures they both made for their children's support, petitioner claims that he should be recognized as having contributed the shelter or the use of the home to the boys, and has estimated a monthly rental value of $75. Lodging is a part of support, but we cannot agree that petitioner in the taxable years here has furnished anything for the lodging of his sons over and above the monthly payments of $20 in cash. Whatever the understanding the petitioner may have had as to where Catherine and the boys would reside thereafter, the home became the property of Catherine under the decree of the court, free and clear of any and all claims of petitioner, and to the extent that it is to be taken into account as a contribution to the support of the boys in later years, the *131 contribution was by Catherine, not petitioner. After the divorce, it was Catherine, not petitioner, who paid the local taxes on the home and maintained it. Petitioner has not shown that he furnished more than one half of the support of his sons, and the determination of respondent is accordingly sustained. Decision will be entered for the respondent.